[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10942
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cv-01420-BJD-JBT

MARGUERITE SMITH,
widow,

Plaintiff - Appellant,

versus

MARK H. MAHON,
in his individual capacity,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 9, 2019)

Before ED CARNES, Chief Judge, TJOFLAT, and JORDAN, Circuit Judges.

PER CURIAM:

Mark H. Mahon, Chief Judge of the Fourth Judicial Circuit of Florida, issued an administrative order declaring Marguerite Smith a "vexatious litigant" and barring her from filing any more pro se suits in the jurisdiction. Rather than appeal the order in state court, Smith filed a pro se complaint in the Middle District of Florida alleging that Chief Judge Mahon violated her Fifth and Fourteenth Amendment rights by denying her the opportunity to contest the administrative order.[1] The district court, on its own motion, dismissed Smith's complaint for lack of subject matter jurisdiction under the Rooker-Feldman doctrine. Smith appeals contending that the district court has subject matter jurisdiction.[2]

We review de novo a court's finding that it lacks subject matter jurisdiction. Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). Under the Rooker-Feldman doctrine, federal district courts lack subject matter jurisdiction to review state court final judgments. Id. (citing D.C. Court of Appeals v. Feldman, 460 U.S.

---

[1] Smith named Chief Judge Mahon and Jay B. Watson in her initial complaint. But she did not separate her claims into different counts, nor did she specify which claims applied to which defendants. The district court struck the complaint but allowed Smith to file an amended complaint. Smith's amended complaint contains only one claim against Chief Judge Mahon and does not include any claims against Watson.

[2] Smith moved to strike Chief Judge Mahon's appellee response brief as untimely and moved for entry of default judgment. But Chief Judge Mahon's brief was timely. He received an extension to file his brief by July 5, 2019, and filed his brief on July 2, 2019. Smith's motion to strike and for default judgment is DENIED.

2

462, 482 (1983)).  The losing party in state court must instead appeal to a state appellate court or, as a last resort, to the United States Supreme Court.  Id.  The doctrine applies to claims that are "'inextricably intertwined' with the state court's judgment."  Id. (quoting Feldman, 460 U.S. at 482 n. 16).  A claim is inextricably intertwined if it would "effectively overrule" the state court's judgment.  Id.  The doctrine does not apply "where a party did not have a reasonable opportunity to raise his federal claim in state proceedings."  Id. (internal quotation marks omitted).

The Rooker-Feldman doctrine applies here.  Smith asked the district court to review and overrule the state court order.  Smith's claim is thus inextricably intertwined with the state court judgment.  See Casale, 558 F.3d at 1260.  And despite her classification as a vexatious litigant, Smith could still have raised her claim in state court if she complied with the administrative order.  The district court properly dismissed Smith's complaint for lack of subject matter jurisdiction.
**AFFIRMED**.